IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| | * | |
| Plaintiff, | * | |
| vs. | * | No. 4:08cr00139-05 SWW |
| | * | |
| | * | |
| MARIA ANGELICA GUITERREZ-ESPINOZA, | * | |
| | * | |
| | * | |
| Defendant. | * | |

## ORDER

Before the Court is a *pro se* motion [doc.#325] of defendant Maria Angelica Guiterrez-Espinoza for modification or reduction of her 120-month sentence that was entered on June 8, 2009 [doc.#226]. For the reasons that follow, the Court denies defendant's motion.

Defendant brings her motion to modify or reduce her sentence pursuant to 18 U.S.C. § 3582(c)(2), which provides:

> **(c) Modification of an imposed term of imprisonment**.--The court may not modify a term of imprisonment once it has been imposed except that--
>
> * * *
>
> **(2)** in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons,

or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Section 3582(c)(2) establishes a two-step inquiry: "first, determining whether a defendant is eligible for a sentence modification and the extent of the reduction authorized under § 3582, and second, considering any applicable § 3553(a) factors and determining whether the reduction authorized in step one 'is warranted in whole or in part under the particular circumstances of the case.'" *United States v. Winston*, 611 F.3d 919, 922 (8th Cir. 2010) (quoting *Dillon v. United States*, — U.S. —, —, 130 S.Ct. 2683, 2692 (2010)).

Defendant cites a May 2007 change to the United States Sentencing Guidelines, namely Amendment 12–Criminal History, in support of her argument that her sentence should be modified or reduced. The Court finds defendant's motion to be without merit because the sentencing range upon which the Court based defendant's sentence has not "*subsequently* been lowered by the Commission." 18 U.S.C. § 3582(c)(2) (emphasis added). Rather, the change to the Guidelines to which defendant refers was promulgated and in effect on the date of defendant's sentencing. See *United States v. Fernandez*, No. 11cr1477, 2012 WL 3628780, *2 (S.D. Cal. Aug. 21, 2012) ("Amendment 12, adopted by the United States Sentencing Commission and effective November 1, 2007, addresses the

computation of criminal history scores in two areas: (1) the counting of multiple prior sentences as "single" or "separate" sentences (previously called "related sentences") and (2) the counting of certain misdemeanor or petty offenses subject to a probationary term."). Thus, its provisions were taken into account when her criminal history score was calculated. See *id*. Moreover, defendant's 120-month sentence was the mandatory minimum.

Even if a modification or reduction of defendant's sentence could be considered consistent with applicable policy statements issued by the Sentencing Commission, the Court, having considered the factors outlined in 18 U.S.C. § 3553(a), finds that defendant has not provided the Court with sufficient justification for modifying or reducing her sentence.

IT IS THEREFORE ORDERED that the *pro se* motion [doc.#325] of defendant Maria Angelica Guiterrez-Espinoza for modification or reduction of her sentence be and it hereby is denied.

Dated this 24th day of April 2013.

/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE